**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DAVID LEE SMITH,

    Plaintiff,

-vs-                                                            Case No.  8:05-CV-125-T-30TGW

POLK COUNTY, FLORIDA, et al.,

    Defendants.
_____

**ORDER**

Plaintiff, a pretrial detainee incarcerated in the Polk County Jail, Bartow, Florida (hereinafter "PCJ"), proceeding *pro se*, initiated this action on January 20, 2005, by filing a complaint alleging, *inter alia*, violations of the Americans with Disabilities Act of 1990, §§ 101-107, 42 U.S.C. §§ 12111-12117. Plaintiff did not pay the $250.00 filing fee or seek leave to proceed *in forma pauperis*, one of which is required to be done within thirty days of the commencement of the action. *See* Local Rule 1.03(e) (M.D. Fla. 2004). Having determined that he had not demonstrated that he was in imminent danger of serious physical injury, the Court entered an order on February 24, 2005, directing Plaintiff to either pay the filing fee or file a request to proceed *in forma pauperis* within twenty (20) days thereof. Plaintiff's response was due to be filed on or before March 16, 2005.

Based on correspondence received from Plaintiff on March 22, 2005, establishing that he was aware that the February 24, 2005 order required that he respond by March 16, 2005 (Dkt. 5), the Court entered an order dismissing this action without prejudice. *See* 28 U.S.C. §§ 1914(a), 1915(a)(1); Fed. R. Civ. P. 41(b), Local Rule 1.03(e) (M.D. Fla. 2004).

On May 12, 2005, Plaintiff filed a Motion for Court Sanctions in which he asserts that a "money release was filled out with the civil suite [sic] for PCJ to issue $250.00 for fil [sic] fee of civil suites [sic] and its preliminary injunction included," but the request was denied by PCJ personnel (Dkt. 8 at 1). The document attached to the motion establishes that deposits totaling $4,106.00 were made to Plaintiff's inmate account on March 22, 2005. Plaintiff waited, however, until May 12, 2005, to finalize the request that $250.00 be forwarded to the Court in payment of a filing fee -- 30 days after this case was closed. Having examined the Money Release filed by Plaintiff, the Court finds that nothing on the form supports Plaintiff's statement that the request was denied. Plaintiff's request for sanctions in this matter lacks merit.

The Court takes judicial notice of a new civil rights case initiated by Plaintiff raising the same claims asserted in the complaint filed in this case. *See Smith v. Polk County*, 8:05-CV-873-T-30MSS (M.D. Fla. 2005). Plaintiff has not, however, paid the filing fee in that case, and according to documents he filed with his Motion for Court Sanctions, he cannot qualify to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.

**ACCORDINGLY**, the Court **ORDERS** that Plaintiff's Motion for Sanctions is **DENIED**. This case stands closed.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh

Copies furnished to:
Plaintiff *pro se*